IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KARANYA MARQUIS DUDLEY, et al., § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | 3:13-CV-3941-B-BK |
| § | | |
| UNITED TOWS LLC, and RICHARDSON § | | |
| POLICE DEPARTMENT, § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Karanya M. Dudley ("Dudley"), filed a *pro se* amended complaint against the Defendants. (Doc. 7). For the reasons that follow, Dudley's claims should be dismissed for want of prosecution.[1]

**I. BACKGROUND**

On November 5, 2013, the Court issued a questionnaire inquiring about the claims alleged in the amended complaint. (Doc. 11). The deadline for Plaintiff's response was November 26, 2013. As of the date of this recommendation, however, Plaintiff has not responded to the Court's questionnaire, nor has she sought an extension of time to do so.

**II. ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending

---

[1] The Court previously recommended that Plaintiff Robert G. Barsenas' claims be dismissed for want of prosecution. (Doc. 9).

cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Dudley has been given ample opportunity to respond to the Court's questionnaire order. She has impliedly refused or declined to do so. Therefore, her claims should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff Karanya M. Dudley's claims be **DISMISSED** without prejudice for want of prosecution. *See* FED. R. CIV. P. 41(b).

SIGNED December 3, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

2